UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| MCOM IP, LLC, <br><br> Plaintiff, <br><br> v. <br><br> FISERV, INC., <br><br> Defendant. | Civil Action No. 6:21-cv-00827-ADA |

**DEFENDANT FISERV, INC.'S MOTION TO DISMISS
COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff mCom IP, LLC fails to plead sufficient facts in its Complaint to support claims against Defendant Fiserv, Inc. for willful, induced, or contributory infringement. As demonstrated below, the Complaint includes only threadbare allegations and legal conclusions completely unsupported by allegations of fact. Plaintiff has, therefore, failed to allege sufficient well-pleaded facts to state plausible claims for willful, induced, or contributory infringement. Accordingly, those claims must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

**I.   BACKGROUND**

Plaintiff filed this lawsuit on August 10, 2021 against Fiserv for alleged infringement of United States Patent No. 8,862,508 ("Patent"). *See* Doc. 1 (Complaint). Plaintiff's claims generally relate to the systems and methods allegedly used by Fiserv to provide online banking services to customers.

An overwhelming majority of the 16 page Complaint consists of an 11 page "preliminary table" purporting to support Plaintiff's direct infringement claim; however, even these assertions are far from affirmative allegations of fact because, according to Plaintiff, they are merely

"preliminary and are therefore subject to change." *Id*. at 14, ¶ 9. The few remaining paragraphs in the petition amount to nothing more than threadbare allegations of some—but far from all—of the elements required to plead claims for induced or contributory infringement. *See id*. at 14-16. Plaintiff claims that it has and will continue to suffer damages as a result of the alleged direct and indirect infringement of the Patent, but alleges insufficient facts to support its claims for induced and contributory infringement. *See id*. at 14-15, ¶¶ 10-12.

In fact, the paragraphs asserting induced infringement and contributory infringement are virtually identical. Plaintiff attempts to assert a claim for past and ongoing induced infringement by alleging that Fiserv has "actively encouraged or instructed other […] on how to construct a unified banking system such as to cause infringement of one or more of claims 1-20 of the '508 patent, literally or under the doctrine of equivalents." *Id*. at 14, ¶ 10. Likewise, Plaintiff attempts to assert a contributory infringement claim by alleging that Fiserv has "actively encouraged or instructed other […] on how to use its products and services (e.g., construction of unified banking system) and related services that provide unified banking system such as to cause infringement of one or more of claims 1-20 of the '508 patent, literally or under the doctrine of equivalents." *Id*. at 14-15, ¶ 11. Without alleging any facts or details to support the induced and contributory infringement claims, Plaintiff concludes the allegations asserting each claim by claiming that "Fiserv has known of the '508 patent and the technology underlying it from at least the date of issuance of the patent and the date of the lawsuit filing." *Id*. at 14-15, ¶¶ 10-11. Plaintiff then alleges that it has suffered past and ongoing "damage by direct and indirect infringement of (including inducing infringement of) the claims of the" Patent. *Id*. at ¶¶ 10-12.

Despite the dearth of details and factual allegations in the Complaint, Plaintiff prays for damages and injunctive relief for both the claims it actually attempted to assert, as well as claims

that were not asserted in the Complaint and claims that apparently will not be "presented at trial." *See id*. at 15-16. Indeed, Plaintiff prays for damages and an accounting "for acts of infringement *not* presented at trial" and a judgment declaring that the alleged "infringement to be *willful and treble damages*…" *Id*. at Prayer for Relief, § c and § e (emphasis added).

## II.   LAW AND ARGUMENT

### A.   Motion To Dismiss Standard

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To meet this standard, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly,* 550 U.S. at 556). Naked assertions devoid of further factual enhancement do not suffice. *Id.* (citing *Twombly*, 550 U.S. at 557). Instead, the factual allegations must be enough to nudge the plaintiff's claims "across the line from conceivable to plausible;" they must present more than "a sheer possibility" that the pleader is entitled to the relief sought. *Id.* at 678-80; *see Mitchell v. Johnson*, No. 07-40996, 2008 WL 3244283, at *2 (5th Cir. 2008) (citing *Twombly,* 550 U.S. at 570). And while courts must accept a complaint's allegations as true, this applies only to well-pleaded factual allegations, not to legal conclusions. A pleading that offers mere "labels and conclusions" is insufficient, and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 555).

Here, Plaintiff fails to allege facts necessary to support claims for willful, induced, and contributory infringement, and those claims must therefore be dismissed.

### B. Plaintiff Fails To Adequately Plead Willful Infringement.

Willful infringement is reserved for only "egregious infringement behavior," which is typically described as conduct that is "willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate." *Halo Elecs.*, *Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1932 (2016). To state a claim of willful infringement, "a plaintiff must allege facts plausibly showing that as of the time of the claim's filing, the accused infringer (1) knew of the patent-in-suit; (2) after acquiring that knowledge, it infringed the patent; and (3) in doing so, it knew, or should have known, that its conduct amounted to infringement of the patent." *Parity Networks, LLC v. Cisco Sys., Inc.*, No. 19-207, 2019 WL 3940952, at *3 (W.D. Tex. July 26, 2019) (citation and internal quotation marks omitted). As this Court has recognized, a plaintiff must plead willfulness with "sufficient articulation of the relevant facts." *Id*. Here, the first and only references to willfulness in the entire Complaint appear in the Prayer for Relief, and Plaintiff fails to allege any of the essential elements of a willfulness claim. *See* Doc. 1, p. 15-16.

Plaintiff asserts no well-pleaded allegations that Fiserv knew of the Patent prior to this lawsuit being filed. This Court and others have found that a willful infringement claim must be based on pre-suit knowledge of a patent. *See, e.g.*, *Parity Networks*, 2019 WL 3940952, at *3 (stating that the elements of the claim must be established "as of the time of the claim's filing") (Albright, J.); *Frac Shack Inc. v. AFD Petroleum (Tex.) Inc.*, No. 19-26, 2019 WL 3818049, at *5 (W.D. Tex. June 13, 2019) (Albright, J.) ("Ordinarily the Court would dismiss an allegation of willfulness without prejudice absent a *specific allegation of pre-suit knowledge* of the asserted patents.") (emphasis added); *VLSI Tech. LLC v. Intel Corp.*, No. 18-966, 2019 WL 1349468, at *2 (D. Del. Mar. 26, 2019) (dismissing willful infringement claim because "the complaint itself cannot serve as the basis for a defendant's actionable knowledge [of the patent]"). Plaintiff's bare

assertion that Fiserv knew of the Patent since it was issued and this lawsuit was filed is far from the requisite "*specific allegation of pre-suit knowledge* of the asserted patents" in the absence of alleged facts that could show how, when, or what Fiserv first knew about the Patent before suit was filed. *Frac Shack*, 2019 WL 3818049 at *5; *see also Parity Networks*, 2019 WL 3940952, at *3 (W.D. Tex. July 26, 2019) (citation and internal quotation marks omitted) (explaining that a plaintiff must plead willfulness with "sufficient articulation of the relevant facts"); *Inhale, Inc. v. Gravitron, LLC,* No. 1-18-CV-762-LY, 2018 WL 7324886, at *3 (W.D. Tex. Dec. 10, 2018) (granting a motion to dismiss where plaintiff's allegations of defendant's knowledge were 'legal conclusion[s] couched as ... factual allegation[s]' that the court need not accept as true.") (quoting *Twombly*, 550 U.S. at 555); *Meetrix IP, LLC v. Cisco Sys., Inc.*, No. 1-18-CV-309-LY, 2018 WL 8261315, at *3 (W.D. Tex. Nov. 30, 2018) (granting a motion to dismiss a claim of willful infringement in its entirety because the plaintiff's "willfulness claim wholly lacks such factual allegations"). Accordingly, Plaintiff's failure to allege pre-suit knowledge alone is fatal to its willfulness claims.

Plaintiff also fails to state a claim for willful infringement because it alleges **no** egregious conduct, which is required to impose enhanced damages under a willful infringement theory. *See id*. at *3 (dismissing willful infringement claim based on mere conclusory statements and finding that "the complaint does not allege any facts raising a plausible inference of the egregious behavior required under *Halo*"). The only conduct of Fiserv Plaintiff alleges in the entire Complaint is that Fiserv sells and offers to sell products and services that it claims "perform infringing methods or processes" and that Fiserv has and continues to encourage and instruct others on how to construct and use a unified banking system. Doc. 1, p. 1, ¶ 2; *id*. at 14-15, ¶¶ 10-11. Plaintiff does not allege that Fiserv deliberately re-dedicated itself to infringing after having knowledge of the Patent or

that it did anything else that could even come close to rising to conduct considered "willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate." *Halo Elecs.*, 136 S. Ct. at 1932; *see also M & C Innovations, LLC v. Igloo Prods. Corp.*, No. 17-2372, 2018 WL 4620713, at *5 (S.D. Tex. July 31, 2018) (dismissing willful infringement claim where the plaintiff "offered no allegations suggesting that [the defendant] deliberately re-dedicated itself to infringing after being served with the complaint").

Nor are any facts alleged in the Complaint that, if true, would show that Fiserv "acted despite a risk of infringement that was either known or so obvious that it should have been known." *Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 876 F.3d 1350, 1371 (Fed. Cir. 2017) (citation and internal quotation marks omitted); *see Parity Networks, LLC*, 2019 WL 3940952, at *3. There are simply no allegations plausibly supporting a reasonable inference that Fiserv should have known it was infringing the patent and chose to proceed regardless. Plaintiff's willful infringement claim should therefore be dismissed.

### C.     Plaintiff Fails To Adequately Plead Induced Infringement.

To allege induced infringement, a plaintiff must allege that the defendant: (i) knew of the asserted patents; (ii) knowingly induced a third party to infringe the patents; (iii) had specific intent to induce a third-party to infringe the patents; and (iv) as a result of the supposed inducement, the third party directly infringed the patents. *See Parity Networks*, 2019 WL 3940952, at *2; *see also DSU Med. Corp. v. JMS Co. Ltd.*, 471 F.3d 1293, 1305 (Fed. Cir. 2006) (en banc). "Specific intent" requires not only that the defendant knew of the asserted patents and intended to cause the acts that allegedly produced infringement, but also that the defendant had an affirmative intent to cause infringement. *See Microsoft Corp. v. DataTern, Inc.*, 755 F.3d 899, 904 (Fed. Cir. 2014) ("the patentee must show that the accused inducer took an affirmative act to encourage infringement

with the knowledge that the induced acts constitute patent infringement."). Plaintiff again does not come close.

Plaintiff has not sufficiently alleged knowledge of the Patent or knowledge that the induced acts constitute infringement. This Court has made clear that to "adequately plead a claim of induced infringement, a plaintiff must demonstrate that the defendant knew of the patent and that the induced acts constitute infringement." *Parity Networks,* 2019 WL 3940952, at *2 (internal quotation omitted)); *see also Commil USA, LLC v. Cisco Sys., Inc*., 135 S. Ct. 1920, 1926 (2015) ("[L]iability for inducing infringement attaches only if the defendant knew of the patent and the induced acts constitute patent infringement."). As explained above, Plaintiff only alleges Fiserv knew of the Patent since it was issued and since this lawsuit was filed. *See* Doc. 1, p. 14-15, ¶¶ 10-11. This conclusory allegation alone does give rise to a plausible inference of actual knowledge of the Patent. *See Nobelbiz, Inc. v. Insidesales.com, Inc.,* 6:13-CV-360-MHS, 2014 WL 12378804, at *3 (E.D. Tex. Oct. 14, 2014) ("contributory infringement requires *actual* knowledge, not just *constructive* knowledge based on issuance and publication of a patent.") (citing *Global-Tech*, 131 S. Ct. at 2067-68)). Nor does it suggest, much less sufficiently allege, that Fiserv knew that the induced acts constitute infringement. *See USC IP P'ship, L.P. v. Facebook, Inc*., 6:20-CV-00555-ADA, 2021 WL 3134260, at *1 (W.D. Tex. July 23, 2021) (citing *Glob.-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766, 769, 131 S.Ct. 2060, 179 L.Ed.2d 1167 (2011) ("[I]nduced infringement under § 271(b) requires knowledge that the induced acts constitute patent infringement" or at least "willful blindness" to the likelihood of infringement.). Plaintiff has therefore failed to sufficiently allege the knowledge elements necessary to plead a claim for induced infringement.

Furthermore, Plaintiff has failed to allege any facts as to how Fiserv induced others'

infringement or specifically intended to induce infringement. An inducement claim must instead include factual allegations showing how inducement occurs. *Affinity Labs of Tex., LLC v. Toyota Motor N. Am.*, No. 13–365, 2014 WL 2892285, at *7 (W.D. Tex. May 12, 2014) ("The complaint generally alleges that Toyota induced its customers to purchase its vehicles, but fails to allege how Toyota induced its customers to use the vehicles in a manner that would violate the Asserted Patents."). Additionally, a "claim of induced infringement 'must contain facts plausibly showing that [the defendants] specifically intended their customers to infringe the [asserted] patent and knew that the customer's acts constituted infringement.'" *Affinity Labs*, 2014 WL 2892285, at *3 (quoting *In re Bill of Lading Transmission & Processing Syst. Patent Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012)). This specific intent element is "demanding" and requires more than unsubstantiated and generalized allegations that the accused infringer induced infringement via "marketing and sales tactics." *Id.* at *7 ("[G]eneralized allegations that Toyota induced others to infringe . . . through its marketing and sales tactics are likewise insufficient.").

Plaintiff's assertions that Fiserv "has actively encouraged or instructed others" on how to construct and use a unified banking system "such as to cause infringement" are nothing more than vague and general assertions of indirect infringement. The allegations include no factual statements explaining how Fiserv "encouraged and instructed" and thereby induced others to infringe or that, if true, show that Fiserv acted with specific intent. *See* Doc. 1, p. 14-15, ¶¶ 10-11. In the absence of supporting well-pleaded facts, Plaintiff's allegations are simply not enough to plead a claim for induced infringement.

### D. Plaintiff Fails To Plead Contributory Infringement.

Plaintiff's contributory infringement claim also fails. To state a claim of contributory infringement, a plaintiff must allege facts showing that the defendant knowingly provided

components that have no "substantial non-infringing use" and that the defendant knew were "especially made or especially adapted" to infringe the asserted patents. 35 U.S.C. § 271(c). Like induced infringement, contributory infringement requires knowledge of the patent in suit and knowledge of patent infringement." *Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1926 (2015). Plaintiff's allegations again fall far short of these requirements. Here, Plaintiff merely alleges, without any factual support, that Fiserv "has and continues to contributorily infringe" by encouraging and instructing other on how to use its products and services that provide unified banking systems. Doc. 1, p. 14-15, ¶ 11. This is not enough.

Like Plaintiff's claims for willful and induced infringement, its contributory infringement claim must also be dismissed due to Plaintiff's failure to sufficiently allege knowledge. The Complaint includes no well-pleaded facts that, if true, would show that Fiserv knew of the Patent and knew of the alleged infringement. *See Artrip v. Ball Corp.*, 735 F. App'x 708, 713 (Fed. Cir. 2018), cert. denied, 139 S. Ct. 1177 (2019) (unpublished) (explaining that "[t]o survive a motion to dismiss, a plaintiff alleging contributory infringement must plausibly allege that the accused infringer knew of the asserted patents"); *Affinity Labs of Texas, LLC*, No., 2014 WL 2892285, at *9 ("[A]s was the case with Plaintiff's induced infringement claims, Plaintiff[']s contributory infringement claims must also be dismissed . . . for insufficient allegations of [the defendant's] knowledge of the Asserted Patents."). As demonstrated above, aside from the unsupported allegation that Fiserv knew of the Patent and underlying technology since the Patent was issued and this lawsuit was filed, the Complaint is silent as to knowledge. *See Nobelbiz,* 2014 WL 12378804, at *3 ("contributory infringement requires *actual* knowledge, not just *constructive* knowledge based on issuance and publication of a patent.") (citing *Global-Tech*, 131 S. Ct. at 2067-68)).

Furthermore, nowhere in the Complaint does Plaintiff assert that Fiserv sells or offers to sell a material or apparatus that it *knows* "to be especially made or especially adapted for use in an infringement of such patent." *Bill of Lading Transmission & Processing Syst. Patent Litig.*, 681 F.3d 1323, 1337 (Fed. Cir. 2012)). In fact, Plaintiff does not even identify a specific product, material, or apparatus and specific service sold or offered by Fiserv that was made or adapted for an infringing use or that "is not suitable for substantial noninfringing use." *See* C*leveland Clinic Found. v. True Health Diagnostics LLC*, 859 F.3d 1352, 1363 (Fed. Cir. 2017) ("Contributory infringement occurs if a party sells, or offers to sell, a material or apparatus for use in practicing a patented process" but "[a] party that provides a service, but no 'material or apparatus,' cannot be liable for contributory infringement."); *Nobelbiz,* 2014 WL 12378804, at *3 (dismissing a contributory infringement claim where "there is no factual allegation as to the possible non-infringing use […] other than the bare conclusion that it 'is not suitable for substantial noninfringing use.'"). These deficiency are fatal to Plaintiff's contributory infringement claim.

### III.     CONCLUSION

Plaintiff's Complaint pleads, at most, nothing more than a typical, "garden-variety" claim for direct infringement. Fiserv therefore prays that Plaintiff's claims for willful, induced, and contributory infringement are dismissed.

| | |
|---|---|
| Dated: November 15, 2021 | Respectfully submitted, |
| | */s/ J. Stephen Ravel*<br>J. Stephen Ravel<br>Texas State Bar No. 16584975<br>**KELLY HART & HALLMAN LLP**<br>303 Colorado, Suite 2000<br>Austin, Texas 78701<br>Tel: (512) 495-6429<br>Email: steve.ravel@kellyhart.com |
| | ***Attorneys for Defendant Fiserv, Inc.*** |

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record are being served with a copy of the foregoing document via the Court's CM/ECF system on November 15, 2021.

                                                                           */s/ J. Stephen Ravel*
                                                                           J. Stephen Ravel